United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL SPINGOLA,<br><br>Defendant. | Case No.: 4:13-70066 MAG-1<br><br>ORDER OF REVOCATION OF RELEASE AND DETENTION |

Defendant Michael Spingola was charged in an indictment out of the District of South Carolina with a violation of 18 U.S.C. § 3144. He was released by a magistrate judge in the District of South Carolina on a $50,000 unsecured bond, with the special release condition that he participate in an inpatient or outpatient substance abuse therapy and counseling program under the supervision of Pretrial Service. Pretrial Services in this District directed him to participate in the New Bridge Foundation program.

On January 7, 2013, Defendant reportedly absconded from New Bridge. On January 25 and January 30, 2013, Defendant appeared before the undersigned for proceedings under Federal Rule of Criminal Procedure 40. Defendant was present and represented by Assistant Federal Defender Ned Smock. Assistant United States Attorney Maureen Bessette appeared on behalf of the government. Pretrial Services officer Gelareh Farahmand was also present. The government and Pretrial Services officers from both this District and the District of South Carolina recommended that Defendant be detained and removed to South Carolina in the custody of the Marshals.

Under 18 U.S.C. § 3148 (sanctions for violation of a release condition), the Court is required to enter an order of revocation and detention if it finds by clear and convincing evidence that Defendant has violated a condition of his release; and, that there is no combination or

condition of combinations of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, or that the person is unlikely to abide by any condition or combination of conditions of release.

The Pretrial Services officer explained that Defendant was terminated from the New Bridge Program for failing to follow the rules of the program on three different occasions. First, Defendant smuggled a bottle of vicodin pills into the facility after a dental appointment for a tooth infection. Second, he stole a pie. Third, he absconded from the program on January 7. Although Defendant attempted to come back to the program on January 8, New Bridge will not re-admit him.

Since Defendant left the New Bridge program, he has been living with his family members, including his father and brother. Pretrial Services does not approve of this housing arrangement, as Defendant previously informed Pretrial Services on two occasions that both his father and brother have substance abuse problems. Although Defendant's father stated at the hearing that this is not true, the Court finds Defendant's own admission to be telling, and finds that Defendant would be unlikely to abide by the conditions of release while living with his father and brother. Thus, Defendant's request to be released to live with his father and brother is not a viable condition of pretrial release, as it will not reasonably ensure the Court that Defendant will participate in a treatment program as directed. Defendant also requested to be released to a halfway house. This is not a viable option either. Defendant failed to comply with the rules at New Bridge and absconded. A halfway house is much less structured and supervised. The Court cannot justify imposing less stringent conditions on Defendant when he has violated the one condition imposed on him by the Magistrate Judge in South Carolina.

The Court further finds that Defendant would be unlikely to abide by the conditions of release if he is released to the District of South Carolina. Defendant does not have a place to live there. If Defendant was unable to abide by the conditions of his release while living in the structured environment of New Bridge, he will not be able to abide by the conditions of his release on his own.

The Court finds by clear and convincing evidence that Defendant has violated a condition of his release—that he participate in inpatient or outpatient substance abuse therapy and counseling—and that he is unlikely to abide by the conditions of release in any other practically available situation.

Accordingly, Defendant's release is revoked.  He is hereby ordered detained, and shall be removed to the District of South Carolina in federal custody.

Defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal; and shall be afforded reasonable opportunity for private consultation with his counsel; and, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: January 31, 2013

*Kandis Westmore*
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE